FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAR 2 8 2022

TAMMY H. DOWNS, CLERK
By:_____
                    DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**CHRISTOPHER ETHRIDGE**                                             **PLAINTIFF**

vs.                                  No. 3:22-cv- 80 - JM

**BRANDON GOODWIN**                                                  **DEFENDANT**

**ORIGINAL COMPLAINT**   This case assigned to District Judge Moody
                         and to Magistrate Judge Ray

Plaintiff Christopher Ethridge, by and through his attorneys Colby Qualls and Josh Sanford of Sanford Law Firm, PLLC, for his Original Complaint—Collective Action against Defendant Brandon Goodwin ("Defendant"), states and alleges as follows:

### I.    PRELIMINARY STATEMENTS

1. Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees as a result of Defendant's failure to pay Plaintiff overtime compensation for all hours that Plaintiff worked in excess of forty per week.

### II.    JURISDICTION AND VENUE

2. The United States District Court for the Western District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

3. This Complaint also alleges AMWA violations, which arise out of the same set of operative facts as the federal cause of action; accordingly, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

4. Defendant conducts business within the State of Arkansas.

5. Defendant primarily does business in Independence County.

6. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Arkansas has personal jurisdiction over Defendants, and Defendants therefore "reside" in Arkansas.

7. Plaintiff performed work for Defendant within the Northern Division of the Eastern District of Arkansas, and venue is therefore proper pursuant to 28 U.S.C. § 1391.

### III.  THE PARTIES

8. Plaintiff is an individual and resident of Independence County.

9. Defendant Brandon Goodwin is an individual and resident of Arkansas.

10. Defendant does business as A1 Concrete.

11. Upon information and belief, Defendant operates as a sole proprietorship and does not have a business registered with the Arkansas Secretary of State.

### IV.  FACTUAL ALLEGATIONS

12. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully incorporated in this section.

13. Defendant operates a concrete construction business.

14. Defendant had the power to hire and fire Plaintiff, often exercised supervisory authority over Plaintiff's work, including the day-to-day job duties that

Plaintiff's job entailed, determined his work schedule, and made decisions regarding Plaintiff's pay, or lack thereof.

15. Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce, such as vehicles and fuel.

16. Defendant is an "employer" within the meanings set forth in the FLSA and AMWA, and was, at all times relevant to this Complaint, Plaintiff's employer.

17. Plaintiff used instrumentalities of interstate commerce, such as the internet and his cell phone, in the course of his duties.

18. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA and the AMWA.

19. Plaintiff worked for Defendant as a Laborer from July of 2021 to December of 2021.

20. At all relevant times herein, Defendants directly hired Plaintiff to work on their behalf, paid him wages and benefits, controlled his work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding his employment.

21. Defendant classified Plaintiff as an independent contractor, exempt from the overtime requirements of the FLSA.

22. Plaintiff's work for Defendant followed the usual path of employer-employee relationships; Defendant treated him as an independent contractor only for tax purposes and for Defendant's convenience.

23. Defendant, at all times relevant hereto, knew that Plaintiff was acting as an employee, rather than as an independent contractor, and treated him as an employee.

24. At all times material herein, Plaintiff has been entitled to the rights, protections and benefits provided under the FLSA.

25. Plaintiff did not financially invest in Defendant's business.

26. Plaintiff did not share in the profits or losses of the Defendant's business.

27. Defendant, not Plaintiff, set prices for services.

28. Defendant determined Plaintiff's pay scale for services without input from or negotiation with Plaintiff.

29. Defendant, not Plaintiff, decided whether and how many other employees to hire.

30. Plaintiff was hired to work for Defendant for a continuous and ongoing period of time.

31. Plaintiffs did not have any control of or authority over any employee's rate of pay or working hours.

32. Defendant set the Defendant's business policies and rules and had complete control over the job sites.

33. Defendant required Plaintiff to follow Defendant's business policies and rules.

34. Defendant required Plaintiff to adhere to Defendant's dress code and wear a shirt bearing Defendant's logo while at work.

35. Defendant made decisions on advertising Defendant's business without Plaintiff's input.

36. Plaintiff could not refuse an assignment or he would risk being disciplined, up to and including termination.

37. Defendant set Plaintiff's schedule.

38. Plaintiff was required to arrive at work at the time determined by Defendant and remain until Defendant allowed him to leave.

39. If Plaintiff did not arrive at the time mandated by Defendant, or if Plaintiff left before Defendant allowed him to leave, Plaintiff risked being disciplined, up to and including termination.

40. Plaintiff was paid the same hourly rate for all hours worked, including hours worked over 40 in a week.

41. In other words, Defendant did not pay Plaintiff an overtime premium for hours worked over 40 in a week.

42. Plaintiff is entitled to wages and compensation based on the standard minimum wage for all hours worked.

43. Plaintiff is entitled to 1.5x his base hourly rate for hours worked over 40 each week.

44. At Defendant's instruction, Plaintiff recorded his hours worked in a notebook kept by Defendant.

45. Defendants knew, or showed reckless disregard for whether, the way they paid Plaintiff violated the FLSA and AMWA.

46. At all relevant times herein, Defendant has deprived Plaintiff of proper overtime compensation for all the hours worked over forty per week.

47. Defendant knew or showed reckless disregard for whether its actions violated the FLSA and the AMWA.

### VI. FIRST CAUSE OF ACTION—VIOLATION OF THE FLSA

48. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully incorporated in this section.

49. Plaintiff asserts these claims for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

50. At all relevant times, Defendant has been Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

51. At all relevant times, Defendant has been an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

52. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and accompanying DOL regulations.

53. Defendant misclassified Plaintiff as exempt from the overtime requirements of the FLSA.

54. Despite the entitlement of Plaintiff to overtime payments under the FLSA, Defendant failed to pay Plaintiff an overtime rate of 1.5x his regular rate of pay for all hours worked over 40 each week.

55. Defendant knew or should have known that its actions violated the FLSA.

56. Defendant's failure to pay Plaintiff all overtime wages was willful.

57. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three years prior to the filing of this Complaint.

### VII. SECOND CAUSE OF ACTION—VIOLATION OF THE AMWA

58. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully incorporated in this section.

59. Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann. § 11-4-201, *et seq.*

60. At all times relevant to this Complaint, Defendant was Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

61. Defendant misclassified Plaintiff as exempt from the requirements of the AMWA.

62. AMWA Sections 210 and 211 require employers to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x regular wages for all hours worked over 40, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying DOL regulations.

63. Despite the entitlement of Plaintiff to overtime payments under the AMWA, Defendant failed to pay Plaintiff an overtime rate of 1.5x his regular rate of pay for all hours worked over 40 each week.

64. Defendant's failure to pay Plaintiff wages owed was willful.

65. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the 3 years prior to the filing of this Complaint pursuant to Ark. Code Ann. § 11-4-218.

## VIII.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Christopher Ethridge respectfully prays as follows:

A. That each Defendant be summoned to appear and answer this Complaint;

B. A declaratory judgment that Defendant's practices alleged herein violate the FLSA, the AMWA and their related regulations;

C. Judgment for damages for all unpaid overtime wage compensation owed under the FLSA, the AMWA and their related regulations;

D. Judgment for liquidated damages pursuant to the FLSA, the AMWA and their related regulations;

E. An order directing Defendant to pay Plaintiff prejudgment interest, a reasonable attorney's fee and all costs connected with this action; and

F. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**PLAINTIFF CHRISTOPHER ETHRIDGE**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Parkway, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

Colby Qualls
Ark. Bar No. 2019246
colby@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com